NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JUSTIN WENNAH and BRIAN STIANCHI, on behalf of themselves and all others similarly situated,** | : :<br>: | **Civil Action No. 08-694 (FLW)** |
| | : | |
| **Plaintiffs,** | : | **MEMORANDUM OPINION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDDLESEX COUNTY, EDMOND CICCHI, MIDDLESEX COUNTY BOARD OF FREEHOLDERS and JOHN DOES 1-100,** | : : | |
| | | |
| **Defendants.** | | |

This matter comes before the Court upon Plaintiffs' Justin Wennah and Brian Stianchi,

on behalf of themselves and all others similarly situated ("Plaintiffs"), request for leave to file a

Third Amended Complaint [Docket Entry No. 70] to conform their complaint to the

requirements of *Florence v. Board of Chosen Freeholders of Burlington County*, 132 S.Ct. 1510

(2012). Middlesex County, Edmond Cicchi and Middlesex County Board of Freeholders

("Defendants") oppose Plaintiffs' Motion to Amend [Docket Entry No. 72]. The Court has fully

reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs'

motion. The Court considers Plaintiffs' motion without oral argument pursuant to Loc.Civ.R.

78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

## I. BACKGROUND AND PROCEDURAL HISTORY

Paul M. Takacs initially filed a class action complaint against Middlesex County on

February 7, 2008 alleging that Middlesex County's blanket strip search policy violated the

Fourth Amendment and laws of New Jersey.  The class is currently defined as follows:

> All persons who have been placed into custody of the Middlesex County Jail after being charged with non-indictable offenses (such as disorderly persons offenses, traffic infractions, child support warrants and/or civil commitments) and were strip searched upon their transfer and entry into the Middlesex County Jail.  The Class period commences on or about February 5, 2006, and extends to the date on which the Defendant is enjoined from or otherwise ceases from, enforcing its unconstitutional policy, practice and custom of conducting strip-searches absent reasonable suspicion.  Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.
> *Plaintiffs' Mem. of Law in Supp. of Mot*. at 1.

Brian Stianchi later filed a separate complaint (Civil Action No. 09-362) against

Middlesex County making the same allegations and claims. A Second Amended Complaint was

subsequently filed adding Brian Hode and Justin Wennah as Plaintiffs. [Docket Entry No. 41]

By later Consent Orders, the claims of Paul M. Takacs and Brian Hode were dismissed with

prejudice. [Docket Entry Nos. 46 and 47]  By consent of the parties, Mr. Takac's and Mr.

Stianchi's complaints were consolidated.  On January 19, 2010, the Court entered an order

staying the proceedings until disposition of *Florence v. Board of Chosen Freeholders of*

*Burlington County*.  The United States Supreme Court rendered its decision in *Florence* on April

2, 2012.  Plaintiffs filed this motion to amend on June 20, 2013.

**A.  Florence Decision**

Plaintiffs' are seeking to file a Third Amended Complaint in order to conform their

complaint to the requirements of the recent Supreme Court decision in *Florence v. Board of*

*Chosen Freeholders of Burlington County*, 132 S.Ct. 1510 (2012).  In *Florence*, Petitioner was

arrested during a traffic stop after he failed to appear at a hearing to enforce a fine.  He was

initially detained in the Burlington County Detention Center and later in the Essex County

Correctional Facility, but was released once it was determined that the fine had been paid. Petitioner was strip searched at both facilities. Petitioner filed suit under 42 U.S.C. §1983 against the government entities that ran the jails and other defendants, alleging Fourth and Fourteenth Amendment violations, and arguing that persons arrested for minor offenses cannot be subjected to invasive searches unless prison officials have reason to suspect concealment of weapons, drugs or other contraband. The Court granted summary judgment, ruling that strip-searching non-indictable offenders without reasonable suspicion violates the Fourth Amendment. The Third Circuit reversed and the United States Supreme Court affirmed the Third Circuit's decision. The Supreme Court held that "the search procedures at the county jails struck a reasonable balance between inmate privacy and the needs of the institutions, and thus the Fourth and Fourteenth Amendments do not require adoption of the framework and rules petitioner proposes." *Id*. at 1511.

Plaintiff's specifically rely on Justice Alito's concurrence in which he states, "The Court does not address whether it is always reasonable, without regard to the offense or the reason for detention, to strip search an arrestee before the arrestee's detention has been reviewed by a judicial officer. The lead opinion explicitly reserves judgment on that question. In light of that limitation, I join the opinion of the Court in full." *Id*. at 1525. Chief Justice Roberts also noted the importance of the possibility of an exception in his concurrence when he stated, "it is important for me that the Court does not foreclose the possibility of an exception to the rule it announces." *Id*. at 1523.

The Supreme Court further noted in the majority opinion that "the circumstances before the Court, however, do not present the opportunity to consider a narrow exception of the sort Justice

Alito describes, which might restrict whether an arrestee whose detention has not yet been reviewed by a magistrate or other judicial officer, and who can be held in available facilities removed from the general population, may be subjected to the types of searches at issue here." *Id*. at 1523.

## B. Plaintiffs' Argument

Plaintiffs argue that the motion to amend should be granted because they were each arrested and detained for minor matters and had not seen a judge prior to being strip-searched. Mr. Stianchi was arrested for child support arrears and Mr. Wennah was arrested for failing to appear at a municipal proceeding. In their proposed Third Amended Complaint, Plaintiffs assert the following new class definition which has been accepted in three other post-*Florence* cases:

All persons who have been (1) detained at and/or placed in custody of the Middlesex County Adult Correction Center ("MCACC") or any facility under the authority of Middlesex County (2) as a result of being arrested and/or charged with non-indictable offenses such as: civil enforcement offenses, i.e., child support enforcement arrears, traffic offenses, petty disorderly offenses, disorderly persons offenses, misdemeanors, contempt proceedings, failure to pay financial fines, penalties and/or costs in like matters as set forth above, and/or failure to appear at any court proceedings on like matters above; (3) were strip-searched upon their entry into detainment and/or custody at the MCACC and/or were strip-searched prior to an appearance before a judge or judicial officer who had the authority to release the person as referred to above from detainment and/or custody at the MCACC and/or persons who appeared before a judge or judicial officer in the matters referred to above who were not released from detainment and/or custody and were strip-searched as set forth above, and (4) the strip-search was conducted and/or performed according to Middlesex County's blanket strip-search policy, that is, without reasonable suspicion and/or probable cause based on objective and articulable facts that the aforesaid person or persons possessed controlled dangerous substances, weapons, and/or contraband. The Class period commences on or about November 8, 2005 and extends to the date on which Middlesex County and the MCACC are enjoined from, or otherwise cease to strip-search the person or persons referred to above.

*Plaintiffs' Mem. of Law in Supp. of Mot*. at 3-4.

Plaintiffs argue that this since this amendment was accepted in three previous decisions, they should be permitted to amend their complaint. Plaintiffs cite *Haas v. Burlington County* in

which a Court in this District stated that "[a]lthough the exception to the *Florence* holding has

not been defined, at a minimum it appears to include a situation where a person was arrested for

a "minor" offense, she/he has not been admitted to the general population, and there was no

reasonable suspicion she/he was carrying contraband. *Haas*, 2012 WL 5497941 at 3 (D.N.J.

2012). Plaintiffs also cite *Allen v. Union County* which allowed an amended complaint that

"specifically alleges that UCJ's blanket policy of strip-searching misdemeanor arrestees who

could be segregated from the general population prior to being seen by a judicial officer, absent

some particularized suspicion, is unconstitutional under the fourth amendment of the United

States Constitution and article 1, paragraph 7 of the New Jersey Constitution. *Allen*, Civil Action

No. 08-711. Plaintiffs also rely on *Moore v. Atlantic County* in which the Court noted that "to

fall within the exception of *Florence*, plaintiff must have been arrested for a minor offense, not

been seen by a judicial officer prior to the strip search, and the jail must be capable of housing

[these] arrestees separate from the general population. *Moore*, Civil Action No. 07-5444 (citing

*Florence* at 1524-1525).

Plaintiffs further argue that they should be permitted to amplify their complaint, or in the

alternative relate the state law statutory claim back to the original filing. Plaintiffs note that

under Fed.R.Civ.P. 15(c)(1)(B), an amendment will relate back to the original pleading when it

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the

original pleading. They cite *Cruz v. City of Camden* which stated that "the major issue under

Rule 15(c) is whether the original pleading gave the opposing party fair notice of the general fact

situation involved in the amended pleading. *Cruz*, 898 F. Supp. 1100, 1117 (D.N.J. 1995).

Plaintiffs note that this case has always been about strip searching, they are merely trying to

identify the specific statute.

### C. Defendants' Argument

Defendants argue that Plaintiffs' Motion for Leave to Submit a Third Amended Complaint should be denied as futile. Specifically, Defendants' allege that the class complaint claims should be barred as futile because they fail to state a claim that is plausible on its face. *Defendants' Brief in Opp'n* at 6. Defendants argue that it is undisputed that arrest warrants authorize the arrest of a person and commitments authorize the confinement of a person to an adult correctional facility. *Id.* Defendants assert that *Florence* does not require a detainee to be "seen by a judge" rather the Court required the detention to be "reviewed by a judicial officer". *Id.* at 7 (citing *Florence* at 1524). Defendants state that Mr. Stianchi was arrested and confined pursuant to an Order executed by The Honorable Fred Keiser, J.S.C. and that Mr. Wennah's commitment was authorized during judicial review of his arrest. *Id.* Defendants contend that Plaintiffs' proposed class definition improperly attempts to expand the Alito exception to require a personal appearance before a judge or judicial officer. *Id.* at 8.

Defendants also argue that certain claims are barred by the statute of limitations. Defendants note that in New Jersey, the statute provides for a two-year statute of limitations for personal injury claims. Defendants note that Plaintiffs are asserting causes of actions for violations of Mr. Wennah's constitutional rights for alleged violations that occurred on March 6, 2006. The Second Amended Complaint first naming Mr. Wennah was filed on June 19, 2009, more than two years after his cause of action arose. *Id.* at 13. Defendants futher note that Mr. Stianchi's complaint was filed on January 23, 2009 but did not name any Middlesex Defendants until May 1, 2009. Defendants argue that any claims prior to May 1, 2007 are also time barred. *Id.*

## II.     ANALYSIS

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

The Court finds that Plaintiffs' motion is not the product of bad faith, dilatory motive or undue delay. Plaintiffs have not repeatedly failed to cure deficiencies by amendments previously allowed as they are seeking to amend the complaint to conform to the requirements of *Florence* which had not yet been decided at the time of the previous amendments.

In addition, the Court finds that the proposed Third Amended Complaint is not futile.  An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*  The Court finds that whether certain claims are barred by the statute of limitations and whether Justice Alito's

exception required a personal appearance before a judge are fact issues that should be decided by the District Judge.

The Supreme Court stated in *Bell Atlantic Corp. v. Twombly* that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court finds that the facts as alleged in Plaintiffs' proposed amended complaint set forth a plausible claim for relief.

The Court further finds that Plaintiffs' claims are comprised of sufficient factual allegations, which when accepted as true and viewed in the light most favorable to Plaintiffs, raise Plaintiffs' right to relief above the speculative level. Moreover, the Court finds that Plaintiffs' have included sufficient detail to put Defendants on notice of the precise violations being alleged. As a result, the Court finds that Plaintiffs proposed Third Amended Complaint would survive a Rule 12(b)(6) motion to dismiss and is not futile.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. An appropriate Order follows.

Dated: December 19, 2013

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**